**FILED**
OCT 22 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

Certified Mail®/Domestic Return Receipt (PS Form 3811) No.: **7018 3090 0000 9991 5046**

# UNITED STATES DISTRICT COURT
for the
*Western District of Texas*
**WACO DIVISION**

| | |
|---|---|
| **MARK JOSEPH WATSON©**, *ens legis*<br>1334 N Interstate 35 TRLR 36<br>San Marcos, Texas 78666-7120<br>*Plaintiff*<br><br>vs.<br><br>**BELL COUNTY TEXAS**<br>The Honorable David Blackburn<br>*Bell County Judge - **Registered Agent***<br>BELL COUNTY HISTORIC COURTHOUSE<br>101 E. Central Avenue<br>Belton, Texas  76513<br>*Defendant* | Case No. **W19CA626**<br>FRCP Rule 9(h)[1] – BENCH TRIAL<br>46 U.S.C. § 30903. **Waiver of immunity** (a) In General.—In a case in which, if a vessel were privately owned or operated, or if cargo were privately owned or possessed, or if a private person or property were involved, a civil action in admiralty could be maintained, a civil action in admiralty in personam may be brought against the United States or a **federally-owned corporation**. In a civil action in admiralty brought by the United States or a **federally-owned corporation**, an admiralty claim in personam may be filed or a setoff claimed against the United States or **corporation**. (b) Non-Jury.—A claim against the United States or a **federally-owned corporation** under this section shall be **tried without a jury**. |

### COMPLAINT WITHIN THE ADMIRALTY ALLEGING UNLAWFUL TRANSFER OF CARGO COVERED UNDER A BILL OF LADING WITH THE INTENT TO DEFRAUD
### (28 U.S.C. § 1333[2], 28 U.S.C. § 1337[3], 46 U.S.C. § 30903[4], 49 U.S.C. § 14706[5], and 49 U.S.C. § 80111[6])

I. **The Parties to this Complaint**
   A. **The Plaintiff**
      MARK JOSEPH WATSON©, *ens legis*
      1334 N Interstate 35 TRLR 36
      San Marcos, Texas 78666-7120
      (214) 659-1265
      mark.joseph.watson@gmail.com

---

1   FRCP Rule 9(h) … Pleading Special Matters … (h) **ADMIRALTY OR MARITIME CLAIM.** (1) How Designated. If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.
2   28 U.S.C. § 1333 Admiralty, maritime, and prize cases.
3   28 U.S.C. § 1337 Commerce and antitrust regulations; amount in controversy, costs.
4   46 U.S.C. § 30903 Waiver of immunity.
5   49 U.S.C. § 14706 Liability of carriers under receipts and bills of lading.
6   49 U.S.C. § 80111 Liability for delivery of goods.



Certified Mail®/Domestic Return Receipt (PS Form 3811) No.: **7018 3090 0000 9991 7946**

   B. **The Defendant**
      BELL COUNTY TEXAS
      P.O. Box 768
      Belton, Texas 76513-0768
      (254) 933-5105
      david.blackburn@bellcounty.texas.gov

## II. Basis for Jurisdiction

U.S. DISTRICT COURT for the *Western District of Texas,* Waco Division (a.k.a. the court), is a court of limited jurisdiction. Under 28 U.S.C. § 1333 and 28 U.S.C. § 1337 the court may hear complaints **within the admiralty** regarding commerce and liability of carriers under receipts and bills of lading pursuant to 49 U.S.C. § 14706 and 49 U.S.C. § 80111 [*Bill of Lading Act* (BOLA)]. Under 46 U.S.C. § 30903 [*Suits in Admiralty Act* (SIAA)] is a specific waiver of the sovereign immunity defense for BELL COUNTY TEXAS for value established by written declaration **within the admiralty** [Admiralty *Extensions Act* (AEA)... 46 USC § 30101[7]]. The alleged unlawful transfer of cargo covered under a bill of lading happened on Thursday, May 30 2019 establishing **Monday, May 31, 2021** as the latest date to file this complaint **within the admiralty** to satisfy the statute of limitations established pursuant to 49 U.S.C. § 14706(e).

### A. The Plaintiff to this Complaint
1. The plaintiff is a COPYRIGHTED corporate fiction, *ens legis* (a.k.a. strawman).
2. The plaintiff, MARK JOSEPH WATSON©, *ens legis,* is a transmission utility under the *Uniform Commercial Code*[8] (UCC) as adopted by the Texas *Business and Commerce Code* (BCC) and is the property of Mark-Joseph: Watson, *Secured Party* and resident of the state of Texas.

### B. The Defendant to this Complaint
1. The defendant is a **federally-owned corporation**.
2. The defendant, BELL COUNTY TEXAS, is incorporated under the laws of the STATE OF TEXAS, and has its principal place of business in the STATE OF TEXAS.

### C. The amount in controversy
The amount in controversy is ONE MILLION TWO HUNDRED FIFTY ONE THOUSAND FOUR HUNDRED FIFTEEN AND NINETEEN CENTS, **$1,251,415.19**, not counting interest, costs of the court, and reasonable attorney's fees, because of the unlawful redirection of cargo covered under a bill of lading with the **intent to defraud**.

## III. Statement of the Claim

STATE OF TEXAS    )
                            ) ss
COUNTY OF HAYS  )

      BEFORE ME, the undersigned authority, on this day personally appeared Mark-Joseph: Watson, who swore or affirmed to tell truth, and stated as follows:

  A. The source of the original lien was an international maritime business contract FRAUDULENTLY negotiated with MARK JOSEPH WATSON

---

7  46 U.S.C. § 30101 Extension of jurisdiction to cases of damage or injury on land.
8  International maritime contract law.

Certified Mail®/Domestic Return Receipt (PS Form 3811) No.: **7018 3090 0000 9991 7946**

*ens legis*, by the CITY OF HOLLAND and eventually rejected pursuant to UCC § 1-308 and the federal *Truth in Lending Act*, Regulation Z [12 C.F.R. § 226.23(a)(3)[9]] by me, Mark-Joseph: Watson, *Secured Party/Owner*;

B. At a time prior to the rejection of and during the performance of the contract I, Mark-Joseph: Watson, had claimed and copyrighted MARK JOSEPH WATSON©, *ens legis* [*Common Law Copyright Notice* (Item No. 921803-2/CLCN)];

C. On April 18, 2019, Ms Barbara Boulware-Wells and Mr. G.W. Ivey after having **2 days** to review both *Common Law Copyright Notice* (Item No. 921803-2/CLCN) and *Affidavit of Reservation of Rights UCC 1-308*, willfully committed a criminal infringement of a copyright (WATSON©, 18 U.S.C. § 2319) for the purpose of compelling me to perform under an international maritime business contract pursuant to the UCC [civil rights crimes … 18 U.S.C. § 241 and 18 U.S.C. § 242 under the color of UCC § 1-308 and 12 C.F.R. § 226.23(a)(3)]. By doing so executed the contracting provisions of *Common Law Copyright Notice* (Item No. 921803-2/CLCN) and *Affidavit of Reservation of Rights UCC 1-308* creating a liability of **$1,251,415.19**.

D. On Friday, April 26, 2019 then corrected on Monday, May 20, 2019, Ms. Paula Kreinhender was served with my *Notice of Claim for Damages* pursuant to both *Common Law Copyright Notice* (Item No. 921803-2/CLCN) and *Affidavit of Reservation of Rights UCC 1-308*.

E. My both the original and corrected claims were forwarded to Mr. Jay Cheek, *Claims Specialist*, TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL (**Claim Number: LB99677**).

F. On Monday, May 13, 2019, Mr. Jay Cheek FRAUDULENTLY rejected my claim stating the damages I was alleging were not the result of a WRONGFUL ACT (criminal infringement of a copyright … 18 U.S.C. § 2319).

G. Consequently, Tuesday, May 28, 2019, I served Ms. Shelly Coston, *Bell County Clerk* with my *Notice of Non-Judicial Foreclosure and [Substitute] Trustee Sale* **with supporting documentation** that had been previously served on the CITY OF HOLLAND.

H. The **only lawful way to stop my non-judicial foreclosure** was for Ms. Barbara Boulware-Wells, *Attorney* for the CITY OF HOLLAND, to file a *Complaint and Request for Injunction* in the U.S. DISTRICT COURT for the *Western District of Texas*, Austin Division.

I. On Thursday, May 30, 2019, I found out why Mr. Cheek was so quick to FRAUDULENTLY deny my claim. Mr. James E. Nichols (*County Attorney*, BELL COUNTY TEXAS) stole my mail to the *Bell County Clerk* and returned my *Notice of Non-Judicial Foreclosure and [Substitute] Trustee Sale*. Mr. Nichols actions constituted **felony theft of mail** (18 U.S.C. § 1708) and **felony transfer of cargo covered under a bill of lading with the intent to defraud** (49 U.S.C. § 80116). Mr. Nichols was acting on behalf of BELL COUNTY TEXAS and therefore

---

9  12 C.F.R. § 226.23(a)(3) The consumer may exercise the **right to rescind until midnight of the third business day following consummation**, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, 48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

Certified Mail®/Domestic Return Receipt (PS Form 3811) No.: **7018 3090 0000 9991 7946**

> BELL COUNTY TEXAS is responsible for the declared value of the cargo **$1,251,415.19** plus interest, costs of the court, and reasonable attorney's fees.
> Further affiant sayeth naught.
> Without Prejudice UCC 1-308[10]<br>
> Autographed on Tuesday, October 22, 2019.<br><br>
> _____<br>
> Mark-Joseph: Watson, *Secured Party/Creditor, Authorized Representative, Attorney-In-Fact*, on behalf of<br>
> MARK JOSEPH WATSON©, *ens legis*<br>
> Texas UCC1 File No. 19-0003750520<br>
> *Claimant/Postmaster*

**ACKNOWLEDGMENT**

STATE OF TEXAS    )
                  ) *ss Jurat*
COUNTY OF HAYS    )

SUBSCRIBED TO AND SWORN before me this 22nd day of October, A.D. 2019, a Notary, that Mark-Joseph: Watson, personally appeared and known to me to be the *Claimant/Postmaster* whose name subscribed to the within instrument and acknowledged to be the same.

Guadalupe Z Alvarado  Seal;
Notary Public
My Commission expires 10·11·2020

*Notary stamp: GUADALUPE Z ALVARADO, Notary Public, State of Texas, My Comm. Exp. 10-11-2020, ID No. 12490557-6*

### IV. Relief
I ask that the Court enter judgment against the Defendant for **$1,251,415.19** plus interest, costs of the court, and reasonable attorney's fees.

### V. Certification and Closing
Although not required by *Federal Rules of Civil Procedure* - Rule 11, this complaint contains an affidavit requiring a point by point rebuttal for the complaint not to **stand as judgment under common law**. Under Rule 11, by signing the *Bill of Lading* (Paragraph VI), I certify to the best of my knowledge, information, and belief the this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

---

10  Without Prejudice UCC 1-308 - "I reserve my right not to be compelled to perform under any **contract** or **commercial agreement** that I did not enter KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY. I do not accept the liability of any compelled benefit, any unrevealed contract, or commercial agreement."

Certified Mail®/Domestic Return Receipt (PS Form 3811) No.: **7018 3090 0000 9991 7946**

## VI. Bill of Lading – Not Negotiable

On Tuesday, October 22, 2019 custody of an original copy of the *Postmaster's Complaint Within the Admiralty Alleging Unlawful Transfer of Cargo Covered Under a Bill of Lading With the Intent to Defraud* was personally delivered to Mr. Mark G. Borchardt for **delivery to the admiralty** and issuing of summons to the *Defendant*. The summons issued by the clerk and the complaint were then shipped via Certified Mail®/Domestic Return Receipt (PS Form 3811) to be delivered to Judge David Blackburn and the UNITED STATES POSTAL SERVICE, *General Counsel*. The complaint bore the U.S. flag with the *Postmaster's* canceled postage. The documents have a commercial value of: One million two hundred fifty one thousand four hundred fifteen dollars and nineteen cents, **$1,251,415.19**.

| **Ship FROM:** | **Ship TO: 7018 3090 0000 9991 7946** |
|---|---|
| Mark-Joseph: Watson<br>TEMPORARY ADDRESS<br>c/o 1334 N Interstate 35 TRLR 36<br>San Marcos, Texas a republic near [78666] | ATTENTION: Judge David Blackburn<br>*Bell County Judge -* **Registered Agent**<br>BELL COUNTY HISTORIC COURTHOUSE<br>101 E. Central Avenue<br>Belton, Texas 76513 |
| UNITED STATES POSTAL SERVICE (39 C.F.R. § 2.2[11])<br>**Ship TO: 7018 3090 0000 9991 7953** | **Ship TO: Personally Delivered** |
| Office of the General Counsel<br>UNITED STATES POSTAL SERVICE<br>475 L'Enfant Plaza SW<br>Washington, DC 20260 | ATTENTION: Mr. Mark G. Borchardt<br>*Divisional Office Manager*<br>U.S. DISTRICT CLERK'S OFFICE<br>800 Franklin Ave., Room 380<br>Waco, Texas 76701 |

SHIPPER'S AUTOGRAPH:
Without Prejudice UCC 1-308,
Autographed on Tuesday, October 22, 2019.

*[signature]*

Mark-Joseph: Watson, *Secured Party/Creditor, Authorized Representative, Attorney-In-Fact*, on behalf of
MARK JOSEPH WATSON©, *ens legis*
Texas UCC1 File No. 19-0003750520
*Claimant/Postmaster*

---

[11] 39 C.F.R. § 2.2 The General Counsel of the Postal Service shall act as agent for the receipt of legal process against the Postal Service, and as agent for the receipt of legal process against the Board of Governors or a member of the Board, in his or her official capacity, and all other officers and employees of the Postal Service to the extent that the process arises out of the official functions of those officers and employees. The General Counsel shall also issue public certifications concerning closed meetings of the Board as appropriate under 5 U.S.C. 552b(f).